**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| VINCENT R. GRIFFIN, | : | Case No. 2:23-cv-2340 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| MAJOR TIM MCCONAHAY, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**ORDER ON MOTION AND REPORT AND RECOMMENDATION FOR TRANSFER**

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus.  Petitioner

Vincent R. Griffin (hereinafter "Griffin" or "Petitioner"), currently confined at Mansfield

Correctional Institution, seeks release from confinement imposed as part of the judgment of a

State court in a criminal action.  The case has been referred to the undersigned United States

Magistrate Judge pursuant to 28 U.S.C. § 636(b) and General Order 22-05.

Because Petitioner previously filed a petition for habeas corpus challenging the same

conviction and sentence he challenges here, this Court ordered Petitioner to show cause why this

case should not be transferred to the Sixth Circuit Court of Appeals as a second or successive

petition.  ECF No. 6.  On August 21, 2023, Petitioner filed a "Motion to Show Cause," which the

Court construes as a response to the Show Cause Order.  ECF No. 8.  In his response, Petitioner

admits the instant petition is successive, and he seeks review of matters previously addressed in

his first habeas petition.  *Id*.

The Court **GRANTS** the Motion to Show Cause to the extent that the Court will consider

Petitioner's arguments when addressing the successive petition issue discussed in the Show

Cause Order.

For the reasons that follows, the Court **RECOMMENDS** that this action be

**TRANSFERRED** to the Sixth Circuit Court of Appeals as a second or successive petition

pursuant to 28 U.S.C. § 2244(b)(1).

## I. BACKGROUND

Petitioner was convicted of attempted rape, felonious assault, and kidnapping in the

Franklin County Ohio Court of Common Pleas, Case No. 09CR-7439 (ECF No. 1 at PageID 1),

with "associated sexually violent predator and repeat violent offender" enhancements, resulting

in a sentence of "consecutive terms of eighteen years to life on the attempted rape conviction,

eighteen years on the felonious assault conviction, twenty years on the kidnapping conviction,

and five years on the abduction conviction." *Griffin v. Warden, Toledo Corr. Inst.*, No. 17-3206,

2017 WL 7833662, at *1 (6th Cir. Oct. 30, 2017). Following completion of his direct appeal, *see*

*State v. Griffin*, No. 10AP–902, 2011 WL 3766751, at *27 (Ohio Ct. App. Aug. 25, 2011)[1], and

a postconviction state habeas action, *State v. Griffin*, No. 13AP–182, 2014 WL 7273988 (Ohio

Ct. App. Dec. 23, 2014)[2], Petitioner filed a habeas petition in this Court in September 2015 (the

"first federal habeas petition"). *See Griffin v. Warden, Toledo Corr. Inst.*, Case No. 2:15-cv-

2920, 2017 WL 401250 (S.D. Ohio Jan. 30, 2017) (Sargus, J.; King, M.J.).

The first federal habeas petition alleged the following four claims for relief: denial of

effective assistance of trial counsel (claim one); denial of the right to a fair trial because of

prosecutorial misconduct (claim two); Fourth Amendment violations due to withholding of

exculpatory evidence in obtaining the search warrant (claim three); and identity violations during

---

[1] The Ohio Supreme Court declined to accept Petitioner's direct appeal in January 2012. *See State v. Griffin*, 959 N.E.2d 1057 (Ohio 2012).

[2] Petitioner appealed to the Ohio Supreme Court, but his appeal was dismissed for failure to prosecute due to failing to file a memorandum in support of jurisdiction as required by that court's rules of practice. *State v. Griffin*, 27 N.E.3d 535 (Ohio 2015).

the police investigation regarding multiple photo arrays (claim four). *Id.* at *1. The District

Court dismissed all claims as "Petitioner has plainly waived this Court's consideration of the

merits of his federal claims by either failing to present them to the state courts, or failing to raise

them on direct appeal," and failing to "meet the high hurdle required for establishing a claim of

actual innocence so as to permit a merits review of his procedurally defaulted claims." *Id.* at *3–

4 (citing *Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005)). Petitioner applied for a

certificate of appealability from the Sixth Circuit Court of Appeals and filed motions to expedite

and for a stay, for release pending appeal, and for an "investigation of this case's officers."

*Griffin v. Warden, Toledo Corr. Inst.*, No. 17-3206, 2017 WL 7833662, at *1 (6th Cir. Oct. 30,

2017). The Sixth Circuit denied Petitioner's application, and his motions were denied as moot.

*Id.* at *3.

Petitioner filed the instant habeas petition on June 21, 2023 (the "second federal habeas

petition") and raises the following four grounds for relief:

> **GROUND ONE**: The main ground at this point is Void Judgment/Sentence, but
> all the rest are ones in violation of the Constitution, as well as the Treaties of the
> U.S.A.
>
> Supporting Facts: Upon the reveivew (sic) of this Petition, you find that this case is
> in fact Void, upon the State of Ohio's own Statutes. The other Grounds that will
> be completely explained, in fact are all very strange, but upon the will of the Ohio
> Judicial System this court will see upon fact finder that Petition case was not veiwed
> (sic) fairly, nor in the proper mannor (sic) of Law, that is required by the United
> States of America. Pay exspecial (sic) Attention to the 911 Call. which was never
> heard on the Merit, or ever heard by the jury, nor any Court that reviewed these
> case matters. The lower Trial court, Lied about Griffin having received (sic) the
> 911 Call, "saying that he claimed he received it, but in fact he just said that his
> attorney claimed that the Phone records were tured (sic) over to him, which he never
> was allowed to see me again. nor was all the records he had was released to Griffin.
> The Appeals ct. as well as all the others, just kept abdicating this to this Day. When
> Pet. finally got the Federal Judge to rule in his favor, on the 911 Call, He ruled
> against his own Granations (sic) of this verys (sic) vital Evidence.

3

**GROUND TWO**: Abuse Of Discretion: This ground consist of many Parts but this was the first one (The Void Judgment).

Supporting Facts: This Ground has many Parts to it, whish (sic) will be fully explained in the Memorandum.  Please see all the facts in it.

**GROUND THREE**: Conflicting Opinion (sic) by the same Appeals Ct. (OH) Tenth Dist. Ruled against the Direct App., Claiming that I would prevail on Post Conviction, but ruled Against it, the same judge (Judge-Dorrian, JJ.).

Supporting Facts: See: Exhibits Attached.  The Exhibits speaks (sic) for themselves.

**GROUND FOUR**: Fraud On The Court: This Ground was filed in the Sixth Circuit Ct. of Appeals (Federal), under Rule 60(b) (1), (2), (3) (d) Statute 4(a) 4(A) . . .

Supporting Facts: This Last Ground was added, after the fact when the Ohio Southern District Judges attempted to not give me an appealable pass to file my appeal in the Sith (sic) Circuit Ct.  Please view all the Transcripts that wer (sic) filed on this issue; which Pet. did also file an (sic) Judicial Misconduct Charges against both judges, due to their fraudulent actions.  Please see exhibits attached hereto.

ECF No. 1 at PageID 6-11.  Petitioner appears to allege a fifth ground for relied in an

attachment to his petition:

(5) Judicial Conflicting Interest: As stated as said above, this particular Ground is the main reason to why the Ohio Supreme Court choice to make me Exhaust all these remedies, and not allow what is justly due to Petitioner Griffin, because it goes against the grain to them, especially after the fact they are the ones whom (sic) suspended attorney Noel from practicing Law in the middle of my Trial.  That is the main reason for sure, along with the bad history (judicially), that the Tenth App. Ct purpertrated (sic) against Griffin over the years that involved the illegal Sentencing. There are others (Reasons), but that will be scene (sic) by this honorable Ct.

ECF No. 1-2 at PageID 21.

## II.  DISCUSSION

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal

court.  For petitions filed after the first one—'second or successive' petitions in the language of

the statute—applicants must overcome strict limits before federal courts will permit them to seek

4

habeas relief." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing 28 U.S.C. §

2244(b)(3)(A)). Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a

claim presented in a second or successive habeas corpus petition that was raised in a prior

petition. In addition, the court must dismiss a claim presented in a second or successive petition,

which the petitioner did not include in the prior petition, unless: (A) petitioner shows the claim

relies on a new rule of constitutional law, made retroactive to cases on collateral review by the

United States Supreme Court, that was previously unavailable; or (B)(i) the factual basis for the

claim could not have been discovered previously through the exercise of due diligence; **and** (ii)

the facts would be sufficient to establish by clear and convincing evidence that, but for

constitutional error, no reasonable fact-finder would have found the petitioner guilty of the

underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first

request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. §

2244(b)(3). The court of appeals may authorize the district court to consider a successive

petition only if the petitioner makes the *prima facie* showing described above. *Id.* The

determination of whether a habeas application is second or successive, however, is committed to

the district court in the first instance. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012). "[N]ot all

second-in-time petitions are 'second or successive.'" *In re Coley*, 871 F.3d 455, 457 (6th Cir.

2017) (citing *Panetti v.* Quarterman, 551 U.S. 930, 994 (2007)). The subsequent petition must

relate to the same conviction or sentence under attack in the prior petition to be "successive"

within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and

cases cited therein).[3]  "Where a new judgment intervenes between the two petitions, such as would occur with a resentencing following an appellate remand, the later petition challenging the new judgment, at least as far as it concerns the resentencing, is not a second or successive petition requiring approval from the appeals court."  *Picard v. Gray*, No. 1:18-cv-1672, 2018 WL 7888550, at *2 (N.D. Ohio Sept. 28, 2018) (Report and Recommendation) (citing *Magwood v. Patterson*, 561 U.S. 320, 321 (2010)), *adopted*, 2019 WL 1409548 (N.D. Ohio Mar. 28, 2019). However, a judgment that "does not result in a 'new, worse-than-before sentence,' does not constitute a 'new judgment' or permit the petitioner to circumvent the requirements for obtaining authorization before filing a second or successive petition."  *Id*. (quoting *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016) (per curiam)).  *See also Freeman v. Wainwright*, 959 F.3d 226, 231 (6th Cir. 2020) ("limited resentencings that provide a prisoner with a better-than-before sentence do not create new judgments") (citing *In re Crangle*, 838 F.3d at 678), *cert. denied*, 141 S. Ct. 1056 (2021).

Here, while Petitioner admits the grounds for relief in his second federal habeas petition are duplicative or otherwise rely on matters previously addressed his first federal habeas petition, he seeks to avoid the requirements of § 2244(b) by suggesting that the ground of "void

---

[3] However, not all subsequent petitions relating to the same conviction or sentence are considered successive.  *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998).  Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review."  *Id.* at 645.  Specifically, courts have held that a later petition is not successive where the first petition was dismissed as premature, *see Stewart*, 523 U.S. at 645; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416, 420 (6th Cir. 1998); the second petition was filed after a remedial appeal ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377- 78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart*, 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)).  In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals because the prior dispositions were not "on the merits."  *See Slack*, 529 U.S. at 485-86; *Carlson*, 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2d Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

sentence/judgment" is not successive because it is "newly exhausted" in several motions filed in

the state courts following the adjudication of his first federal habeas petition.  ECF No. 8 at

PageID 10.   Indeed, it is true that after Petitioner's first federal habeas petition had been fully

adjudicated, Petitioner filed a post-conviction "motion to void sentence" on December 19, 2019,

and a "motion to vacate void judgment" on January 16, 2020, in the state trial court.  *State v.

Griffin*, No. AP-243, 2022 WL 557439 *1 (Ohio Ct. App. Feb. 24, 2022) (summarizing relevant

procedural history).  However, in those motions Petitioner challenged his original conviction and

sentence, seeking to vacate his sentence and remand the case to the trial court for resentencing,

arguing that the trial court erroneously enhanced his sentence based on the sexually violent

predator and repeat violent offender specifications, and that the enhancements stemmed from a

"void" judgment.  *Id.*   In fact, both the trial and appellate courts denied both motions finding

that the motions were barred by res judicata as Petitioner simply "reasserted several arguments

already addressed by this court" which, even if "repacked" in a "novel manner," could have been

addressed in previous filings.  *Id.* *1–2 ("[T]here is nothing offered in [Petitioner's] motions that

have not already been reviewed by the appellate court . . . [and] that, even if these arguments had

not been previously considered, [Petitioner] was barred from further review under the doctrine of

res judicata as appellant had failed to raise these claims at trial or in his previous appeal.").

Although Petitioner's intent is somewhat difficult to ascertain, Petitioner does not appear

to contend that the state court rulings on the motions to void sentence and to vacate void

judgment are new judgments.  Instead, Petitioner admits the instant petition is successive.

Nevertheless, he seeks reconsideration of both the state court matters addressing his conviction

and sentence and the first federal habeas petition because those matters were "handled very

badly."  *See* ECF No. 8 at PageID 12–13 (arguing that his conviction and sentence derived from

7

"abdication of arbitrary rulings by the [Magistrate Judge in the Report and Recommendations on the first habeas petition] which the head judge did grant the (same) 911 call evidence to be used by writer, but then dismissed the case with prejudice" denying him the right to "develop" facts in support of his position based on "newly discovered evidence" which he attached to the first habeas petition).

The Court concludes that petitioner's second federal habeas petition is successive. Petitioner admits his second habeas corpus petition challenges the same convictions for attempted rape, felonious assault, and kidnapping.  His sentence was not modified as a result of the state court rulings that occurred subsequent to the resolution of his first federal habeas petition.  Thus, there was no intervening "new judgment" between the two petitions.  *See Freeman*, 959 F.3d at 229 ("Final judgment in a criminal case means sentence.  The sentence is the judgment.") (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007)).  Thus, the instant second-in-time federal habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b).  As a result, this Court lacks jurisdiction to consider the petition in the absence of prior authorization by the Sixth Circuit.  When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the court of appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3).  *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.).

**IT IS THEREFORE ORDERED:**

Petitioner's Motion to Show Cause is **GRANTED** to the extent that the Court considered

Petitioner's arguments when addressing the successive petition issue discussed in the Show

Cause Order.

**IT IS THEREFORE RECOMMENDED:**

Because this Court lacks jurisdiction in this matter involving a successive habeas petition

within the meaning of 28 U.S.C. § 2244(b), the petition should be transferred pursuant to 28

U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for review and

determination whether the district court may consider the successive claims for relief.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a

copy of the recommended disposition, a party may serve and file specific written

objections to the proposed findings and recommendations.   This period may be extended

further by the Court on timely motion for an extension.  Such objections shall specify the

portions of the Report objected to and shall be accompanied by a memorandum of law in

support of the objections.  If the Report and Recommendation is based in whole or in part

upon matters occurring on the record at an oral hearing, the objecting party shall

promptly arrange for the transcription of the record, or such portions of it as all parties

may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District

Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14**

**DAYS** after being served with a copy thereof.  Failure to make objections in accordance

with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


October 5, 2023                                     Karen L. Litkovitz
                                                    UNITED STATES MAGISTRATE JUDGE