IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT R. GRIFFIN, | : | |
| Petitioner, | : | Case No. 2:23-cv-02340 |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Karen L. Litkovitz |
| MAJOR TOM MCCONAHAY, | : | |
| Respondent. | : | |

## OPINION & ORDER

### I.  INTRODUCTION

This matter comes before this Court on Petitioner Vincent R. Griffin's Objections (ECF No. 14) to the Magistrate Judge's Order and Report and Recommendation ("R&R"). (ECF No. 9). The R&R recommended that this Court find Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) successive and transfer it to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b), so that the Court of Appeals can determine whether this Court may consider the petition's claims for relief. (ECF No. 9). For the reasons that follow, the R&R is **ADOPTED AND AFFIRMED,** and this action is **TRANSFERRED** to the Sixth Circuit Court of Appeals.

### II.  BACKGROUND

In 2010, Petitioner was convicted of attempted rape, felonious assault and kidnapping with associated sexually violent and repeat violent offender enhancements in the Franklin County Ohio Court of Common Pleas. (ECF No. 1 at PageID 1). After his direct appeal and a postconviction state habeas action, Petitioner sought habeas corpus relief from this Court in 2015. *Griffin v. Warden, Toledo Corr. Inst.*, Case No. 2:15-CV-2920, 2017 WL 401250, at 1 (S.D. Ohio Jan. 30,

1

2017). His first federal habeas petition alleged four claims for relief. *Id*. The district court dismissed all claims, concluding that Petitioner waived the court's consideration of the merits of his federal claims by either failing to present them to the state courts post-conviction or failing to raise them on direct appeal. *Id*. at *3. In other words, his claims were "procedurally defaulted."

Petitioner filed the present habeas petition on June 21, 2023, raising five grounds for relief. The Magistrate Judge concluded that Petitioner's filing constitutes a "successive" petition under 28 U.S.C § 2244(b) and that, therefore, this Court lacks jurisdiction over it. Accordingly, the Magistrate Judge recommended the transfer of the petition to the United States Court of Appeals for the Sixth Circuit so that the Court of Appeals can determine whether it is the sort of successive petition that can be adjudicated on the merits. (ECF No. 9). Petitioner moved for an Extension of Time to lodge his objections (ECF No. 11) on October 20, 2023, which the Magistrate Judge granted. Petitioner filed the present Objection on October 25, 2023 (ECF No. 16) arguing that this habeas petition can proceed because of appeals he lodged recently in state courts.

Petitioner also filed a Motion to Correct Typo Error to alert this Court of typographical errors in the Report and Recommendation and Petitioner's Objection. (ECF No. 15). The Motion to Correct Typo Error is **GRANTED,** and this Court has considered the typographical amendments.

### III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), when reviewing Objections to a Report and Recommendation, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Thus, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

## IV. LAW & ANALYSIS

Federal law generally gives habeas petitioners one shot to pursue their claims in federal court. *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing § 2244(b)(3)(A)). The determination of whether a habeas petition is second or successive is made by the district court. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012). If the district court determines that the petition is indeed second or successive, it is transferred to the United States Court of Appeals, which will decide whether the district court may consider the petition's merits. *See* 28 U.S.C. § 2244(b)(3). Because Petitioner filed a habeas petition with this Court once before, the Magistrate Judge considered whether the substance of the petition may properly be considered by this Court or whether the motion must be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition. (ECF No. 9).

To constitute a successive petition, the subsequent petition must relate to the same conviction or sentence under attack in the prior petition. *See In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). But not all second in time petitions are considered "second or successive" petitions. *See In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017) (citing *Panetti v. Quarterman*, 551 U.S. 930, 994 (2007)). Where a new judgment intervenes between the two petitions, such as would occur with a resentencing following an appellate remand, the later petition challenging the new judgment is not a second or successive petition requiring approval from the appeals court. *Picard v. Gray*, No. 1:18-cv-1672, 2018 WL 7888550, at *2 (N.D. Ohio Sept. 28, 2018) (Report and Recommendation) (citing *Magwood v. Patterson*, 561 U.S. 320, 321 (2010)), adopted, 2019 WL 1409548 (N.D. Ohio Mar. 28, 2019). That said, however, a new judgment that "does not result in a 'new, worse-than-before sentence,' does not constitute a 'new judgment' or permit the petitioner to circumvent the requirements for obtaining authorization before filing a

second or successive petition." *Id.* (quoting *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016) (per curiam)).

Pursuant to 28 U.S.C. § 2244(b)(3), before the merits of a second or successive petition can be considered by the district court, the applicant must obtain an order from the appropriate court of appeals authorizing the district court to hear the case. For petitions filed after a first habeas petition, applicants must overcome strict limits before federal courts will permit them to seek habeas relief. *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016) (citing § 2244(b)(3)(A)). The court of appeals may authorize the filing of a second or successive petition if it determines the application makes a prima facie showing that satisfies the requirements of one of two exceptions to the general prohibition on repeat petitions enumerated in 28 U.S.C. § 2244(b)(2). *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010) (citing 28 U.S.C. § 2244(b)(3)).

While Petitioner's arguments are difficult to parse, his present Objection seems to do little more than reiterate the arguments made in his "Motion to Show Cause" (ECF No. 8) and cite his recent state appeals in which he challenged his original conviction and sentence. *See State v. Griffin*, No. AP-243, 2022 WL 557439 (Ohio Ct. App. Feb. 24, 2022) (affirming denial of post-conviction relief); *State ex rel. Griffin v. Cocroft*, 2023-Ohio-1207, 169 Ohio St. 3d 1493, 207 N.E.3d 818 (denying Petitioner's Motion in Objection following sua sponte dismissal of Petitioner's second state petition for writ of habeas corpus). As Petitioner acknowledged in his "Motion to Show Cause" (ECF No. 8), the grounds for relief in his second federal habeas petition are duplicative or rely on matters addressed in his first federal habeas petition. (ECF No. 9 at PageID 21). Here he argues that his ground for relief—"void sentence/judgment"—is not successive because it has been newly exhausted in his new state appeals. Since Petitioner's present petition relates to the same conviction or sentence under attack in his prior petition, however, the

4

present petition is successive under 28 U.S.C. § 2244(b) and the merits cannot be considered by this Court without an order from the Sixth Circuit authorizing it to do so.

Nor do the state trial and appellate courts' rejections of his repeated attempts to appeal denial of his first habeas petition allow Petitioner to file a second federal habeas petition. Fundamentally, the state court dismissals of Petitioner's recent appeals do not relegate Petitioner to a "new, worse-than-before sentence" to qualify as a "new judgment" and overcome a second or successive petition claim as required by *Picard*. Petitioner's sentence was not modified as a result of the state court rulings cited by Petitioner in his Objection. The state court's determinations do not constitute as a 'new judgment' to enable Petitioner to circumvent the requirements of § 2244.

While the Court acknowledges the complexities of the habeas petition process and the difficulties of navigating it as a *pro se* Petitioner, Petitioner's second federal habeas petition challenges the same convictions and is therefore successive under 28 U.S.C. § 2244(b). Accordingly, the motion must be transferred to the United States Court of Appeals for the Sixth Circuit.

## V.  CONCLUSION

For the reasons stated above and for the reasons addressed in the Magistrate Judge's Order and Report and Recommendation, Petitioner's Objections (ECF No. 14) are **OVERRULED**. The Report and Recommendation (ECF No. 9) is **ADOPTED AND AFFIRMED,** and this action is **TRANSFERRED** to the Sixth Circuit Court of Appeals as a second or successive petition pursuant to 28 U.S.C. § 2244(b)(1).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  July 9, 2024**